IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In proceedings under |
| David R Pinion | ) | Chapter 13 |
| | ) | |
| | ) | |
| Debtor(s). | ) | Bk. No.:  25-30466 |
| | ) | |

CHAPTER 13 TRUSTEE'S  OBJECTION TO CONFIRMATION
TO DEBTOR(S)' AMENDED PLAN ONE

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

   **COMES NOW,** RUSSELL C. SIMON, Chapter 13 Trustee, and files this his  Objection to  Confirmation of the Debtor(s) Amended Plan One  and in support thereof would respectfully show unto this Court the following (only those items checked apply):

1.____    The Debtor(s)' Plan is not feasible.  [Disposable Income: $0.00 Plan Payment: $0.00]

2.____    As of , the proposed Plan does not provide sufficient funding to pay all allowed secured/priority claims, as well as any required distribution to allowed general unsecured claims.  The Trustee's plan calculation* has been emailed to counsel. [Current Base: $0.00 Estimated Minimum Req'd Base: $0.00]

3.____    Pursuant to Form 122C-2, Line 45, the Plan must provide a minimum payment to all allowed non-priority unsecured claims of the lesser amount of $0.00 or 100%.

4. X     The Plan proposed by the Debtor(s) fails to address the following secured and/or priority claims:  Illinois Department of Revenue.

5.____    The Plan does not provide for payment of all of the Debtor(s)' disposable income.
        [Disposable Income on Sch. J: $0.00   Plan Payment: $0.00]

6.____    Pursuant to 1325(a)(4), the amount necessary to pay all classes of unsecured creditors is $0.00; however, Debtor(s)' Plan only proposes to pay $0.00.

7.____    Pursuant to the Proof of Claim filed by  on , the Debtor(s) have not filed their  tax returns.  The Debtor(s) must provide the Trustee with evidence that these returns have been filed.

        If the Debtor(s) assert that they have filed the tax returns indicated on the tax agency's Proof of Claim as not filed, they must file an Objection to said Proof of Claim and/or otherwise have the taxing agency file an Amended Proof of Claim to set forth the correct amount of their priority debt, if any.

8. _X_    Other:  Schedule A/B Line #33 lists a potential class action claim. The funding paragraph fails to provide for turnover of proceeds, if any, to the estate. The plan must be amended to provide language asserting "Debtors' counsel will negotiate with the Trustee regarding the estate's right to a portion of any settlement".

*The parties are advised that the plan calculation is subject to change based upon numerous factors, including, but not limited to, a change in the Trustee's percentage fee; missed or late plan payments; the filing of proof of claims in amounts substantially different from the amounts scheduled in the debtor(s)' plan; and the filing of amended proof of claims.

        **WHEREFORE, PREMISES CONSIDERED,** Russell C. Simon, Chapter 13 Trustee, respectfully prays that this Court deny confirmation of the Debtor(s)' Plan, and grant him such other and further relief, both in law and in equity, to which he shows himself justly entitled.

**/s/ Russell C. Simon**
Russell C. Simon, Trustee
Chapter 13 Trustee
19 Bronze Pointe Ste. A
Swansea, IL 62226
Telephone: (618) 277-0086
Telecopier: (618) 641-2115

Dated: July 30, 2025
LD

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing Trustee's Objection to Confirmation to Debtor(s)' Amended Plan One was served on the parties listed below by ordinary U.S. Mail (with the correct postage prepaid and deposited in the U.S. Mail in Belleville, IL) or served electronically through the Court's ECF System at the email address registered with the Court on this day, Wednesday, July 30, 2025.


<u>/s/Lisa</u>


David R Pinion
1307 East B St
Belleville, IL  62221-5321


.J D GRAHAM
1 EAGLE CENTER STE 3A
OFALLON, IL 62269